IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD S. KOBOI, | : | Civil No. 3:24-cv-12 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CRAIG LOWE, | : | |
| Respondent | : | |

FILED
SCRANTON

JAN 26 2024

PER ___DJ___
DEPUTY CLERK

**MEMORANDUM**

Petitioner Richard Koboi ("Koboi") is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). He is currently being detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. Koboi commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He seeks an individualized bond hearing. (*Id.*). For the reasons set forth below, the Court will deny habeas relief.

I. **Factual Background**

Koboi is a citizen and native of Liberia. (*See* Doc. 8-1, p. 4). He was admitted to the United States on September 18, 1996, as DV3 Diversity Visa Holder through the John F. Kennedy International Airport, in New York, New York. (*Id.* at p. 6). On that same date, his status was changed to a lawful permanent resident of the United States. (*Id.*).

On July 9, 2018, Koboi entered a plea of nolo contendere in the Providence Superior Court, Providence, Rhode Island, to felony charges of obtaining property by false pretenses

or personation more than $1,500, and conspiracy. (*Id.* at p. 7). He was sentenced to five years' incarceration with eighteen months to serve, with three years and six months suspended, and five years' probation. (*Id.*).

On April 27, 2022, Koboi pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 8 U.S.C. § 1344, in which the loss to the victim or victims exceeds $10,000; and, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), in the United States District Court for the District of Rhode Island. (*Id.* at pp. 7-15). On December 8, 2022, Koboi was sentenced to thirty-six months of imprisonment and three years of supervised release. (*Id.*).

On March 7, 2023, ICE officers encountered Koboi when he was incarcerated at the Federal Correctional Institution, Allenwood, Pennsylvania. (*Id.* at p. 5). The ICE officers interviewed Koboi and established probable cause, indicating that he is an alien who is removable from the United States. (*Id.*). Therefore, the ICE officers issued an immigration detainer and warrant for Koboi's arrest. (*Id.*).

On March 22, 2023, ICE served Koboi with a Notice to Appear. (Doc. 8-2, pp. 2-5). He was charged as removable under two portions of the Immigration and Nationality Act ("INA") Section 237(a)(2)(iii). (*Id.*). The Notice to Appear alleged that Koboi was removable because he had been—

> "convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or (ii) is described in The

2

> Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000."
>
> and,
>
> "convicted of an aggravated felony as defined in section 101(a)(43)(E) of the Act, a law relating to an offense described in (i) Title 18, United States Code, Section 842 (h) or (i), or section 844 (d), (e), (f), (g), (h), or (i) (relating to explosive materials offenses); (ii) Title 18, United States Code, Section 922 (g) (1), (2), (3), (4), or (5), (j), (n), (o), (p), or (r) or 924(b) or (h) (relating to firearms offenses); or (iii) Internal Revenue Code of 1986, Section 5861 (relating to firearms offenses)."

(*Id.* at p. 5).

Koboi challenged his removal, but his claim was denied by an immigration judge on July 17, 2023, and he was ordered removed to Liberia. (Doc. 8-3). Koboi reserved his right to appeal. (*Id.*). Koboi initially filed a motion for enlargement of time to file an appeal; however, on September 26, 2023, he withdrew his appeal. (Docs. 8-4, 8-5). On November 1, 2023, the Board of Immigration Appeals ("BIA") deemed Koboi's appeal withdrawn. (Doc. 8-6). Therefore, Koboi's order of removal became administratively final on that date. (*See* Doc. 8-7, p. 2 ¶ 4). Koboi did not file a petition for review with the United States Court of Appeals for the Third Circuit. (*See id.*).

Koboi is being detained pursuant to 8 U.S.C. § 1231(a) and has been detained by ICE for approximately eighty-five days. In the habeas petition, Koboi argues that his mandatory detention has become unreasonable and thus unconstitutional.

3

## II. Legal Standard

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Because Koboi filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates his constitutional rights, this Court has jurisdiction over his Section 2241 petition. See *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

## III. Discussion

Koboi contends that his continued immigration detention violates his constitutional rights. (Doc. 1). The Court must first examine the statutory basis for Koboi's detention. Once a final order of removal is issued, an alien is subject to mandatory detention under 8 U.S.C. § 1231(a). Under § 1231(a), the Government is required to detain an alien subject to a final order of removal for ninety days after the issuance of the final removal order. See 8 U.S.C. § 1231(a)(1)(A), (a)(2); see also 8 U.S.C. § 1231(a)(1)(B). Detention during this ninety-day removal period is mandatory. See *Zadvydas*, 533 U.S. at 683. Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231 unless he seeks review of his removal order by filing a petition for review with the Court of Appeals and is granted a stay of removal. See 8 U.S.C. § 1231 (a)(1)(B)(ii). Here, Koboi received an administrative final order of removal on November 1, 2023, when the Board deemed his

appeal withdrawn, and Koboi entered his ninety-day removal period on that date as he has not filed a petition for review nor sought a stay from the Third Circuit Court of Appeals. See 8 U.S.C. § 1231(a)(1)(A), (B); 8 U.S.C. § 1252(b)(1); 8 C.F.R. § 1241.1(a); 8 C.F.R. § 1241.1(c).

Because Koboi is subject to a final order of removal and has not sought review or a stay from the Court of Appeals, his detention is controlled by the Supreme Court's decision in Zadvydas. The Court in Zadvydas observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during the statutory ninety-day removal period. Zadvydas, 533 U.S. at 683. Further, the Zadvydas Court held that the statute permits the Government to detain aliens beyond that ninety-day period if their detention remains "reasonably necessary" to effectuate their removal. Id. at 689, 699. The Court therefore held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of due process. Id. at 701. Thus, where a removable alien has been detained under § 1231 for less than six months following a final order of removal, his challenge must be denied. Id.

Koboi's removal period commenced when the BIA deemed his appeal withdrawn on November 1, 2023, and he entered his ninety-day removal period at that time. Thus far, Koboi has been detained for eight-five days out of the ninety days in his removal period. As the ninety-day removal period has not yet expired, Koboi is well within the six-month

5

presumptively reasonable period established by *Zadvydas*. As such, this Court is required to presume that Koboi's current detention is reasonable, and his habeas petition must be denied. *See Hendricks v. Reno*, 221 F. App'x 131 (3d Cir. 2007) (affirming denial of habeas petition where court found delay from date of administratively final deportation order was less than ninety days).

## IV. Conclusion

The Court will deny Koboi's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to his right to file a new petition in the appropriate court should his detention become unreasonable.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 26, 2024